(34 South. 101.)

No. 14,376.

Succession of SIMMONS.

(March 30, 1903.)

SUCCESSION—DOMICILE OF DECEDENT—
CHANGE—EVIDENCE.

1. A change of domicile from another State of the Union to this State is brought about by the act of residing here, combined with the intention of making one's home here, of renouncing citizenship elsewhere.

2. The party who contends for a change of domicile bears the burden of proving it. The domicile of origin continues until another is acquired, *animo et facto*. So long as a reasonable doubt remains the presumption is it has not been changed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of James H. Simmons. Proceedings by Kittie S. Simmons against Martha C. Howell, administratrix. Judgment for plaintiff, and defendant appeals. Modified.

Richard H. Browne, for appellant. Boatner, Dodds & Boatner (Willett & Willett, of counsel), for appellee.

BLANCHARD, J. James H. Simmons died in New Orleans in November, 1900, at the house of his sister, Mrs. Martha C. Howell.

The latter, some six weeks following his death, caused his succession to be opened in the Parish of Orleans, claiming his domicile to be there, and was appointed administratrix.

Simmons died intestate. He left neither ascendants nor descendants. He was married, but his wife was not with him when he died. She was at the home of her brother-in-law in Pickens County, Alabama, where she and her husband had boarded for some time.

She came to New Orleans on learning of his death and attended his obsequies. There was no estrangement between them.

The dead man owned a small estate, consisting of real property, in Macon, Noxubee County, Mississippi, and he had, at the time of his death, a sum of money on deposit in New Orleans, and some articles of personal property there of small value. His estate in New Orleans, nearly all of which was money, was inventoried at $2,952.66.

His widow, Mrs. Kittie S. Simmons, caused his succession to be opened in Noxubee County, Mississippi, claiming his domicile to have been there, and letters of administration were issued to her by the Chancery Court of that County.

The present contest is between his sister, Mrs. Howell, who claims her brother's domicile was in Louisiana, and his widow, who claims his domicile was in Mississippi.

If his domicile were in Louisiana, his sister, his sole heir under the Louisiana law, would take, as such, all his separate personal estate within the State of Louisiana, and the one undivided half of all the property here that pertained to the community of acquets and gains which the Louisiana law recognizes as existing between husband and wife.

As all the property and money he left here was, likely, community in character, the result of maintaining the contention of the sister as to the place of his domicile would be to divide the Louisiana estate equally between herself and the widow.

If his domicile were in Mississippi, his widow would take his entire estate in both States.

The law of Mississippi (Rev. Code, § 1545) on this subject is as follows:—

"If a husband die intestate and do not leave children or descendants of children, his widow shall be entitled to his entire estate, real and personal, after payment of his debts."

In her petition opening the succession of

her brother in the Parish of Orleans, Mrs. Howell asserted her status as sole heir of the deceased, and she claims the rights accorded her as such by the Louisiana law.

The widow, appearing by petition in the succession proceedings in the Parish of Orleans, set up that her husband was domiciled in Noxubee County, Mississippi, at the time of, and prior to his death, and that he was only temporarily sojourning in the City of New Orleans when he died there.

She asserted her rights of sole heirship under the Mississippi law, alleging her acceptance of his succession according to the statutes of that State.

Her prayer was for recognition as heir and that, as such, she be sent into possession of his estate in Louisiana.

The sole question presented is, was the domicile of the deceased in Noxubee County, Mississippi, as alleged by the widow, who is plaintiff in this proceeding, or in New Orleans, Louisiana, as alleged by the sister, Mrs. Howell, who is defendant herein.

The trial Judge, in an opinion, which for ability displayed merits the highest commendation, decided the issue thus raised in favor of the plaintiff, and from this judgment defendant prosecutes this appeal.

Ruling—Article 41 of the Revised Civil Code declares that a change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.

The same rule applies when a person comes from another State of the Union into this State. His change of domicile from such other State, and its location here, is brought about by the act of residing here, combined with the intention of making his home here, of renouncing citizenship elsewhere.

The party who seeks to avail himself of a change of domicile bears the burden of proving it. So long as any reasonable doubt remains, the presumption is that it has not been changed. The domicile of origin continues until another is acquired, *animo et facto*.

Succession of Franklin, 7 La. Ann. 395; State ex rel. Attorney General v. Steele, 33 La. Ann. 913; Succession of Steers, 47 La. Ann. 1551, 18 South. 503; Gravillon v. Richard's Executor, 13 La. 298, 33 Am. Dec. 563;

Desmare v. United States, 93 U. S. 605, 23 L. Ed. 959.

Plaintiff having shown that her husband made his home for many years in Macon, Noxubee County, Mississippi, where he was engaged in business and voted, where he was living when he married her in December 1895, and whither, after a sojourn of a few months in New Orleans following the marriage, he returned and lived with her, continuing there his business of cattle trader, it became necessary for the defendant, who set up a change of his domicile from Mississippi to Louisiana, to establish such change by a preponderance of evidence.

Noxubee County being shown to be the domicile of origin, the defendant, in order to defeat the plaintiff, had cast upon her the burden of proving the change of domicile, whether to New Orleans, or elsewhere.

We agree with the trial Judge that she has failed to satisfactorily discharge this burden. She has not established the change of domicile from Noxubee County to New Orleans, or elsewhere.

Indeed, the evidence preponderates in favor of the contention of plaintiff, that her husband always maintained his domicile in Mississippi.

It will serve no useful purpose to review the testimony found in the record. The question presented is one of fact and the finding is against defendant.

Certain objections to rulings of the judge in respect to evidence offered were reserved by both sides. Defendant's counsel calls those made by him to the attention of this Court and the same has had our consideration.

Were we to concede all claimed by him in this regard, the effect would not be to change the result announced.

Defendant complains that the judgment appealed from casts the costs upon her individually. She resists this on two grounds, (1) because there were debts to pay in Louisiana, and, therefore, an administration of the estate here was necessary; (2) because nowhere in plaintiff's pleadings is there to be found any prayer for costs against her individually.

We are not prepared, from the showing made, to say that opening the succession in the Parish of Orleans was improper or un-

necessary, and an inspection of plaintiff's petition discloses that citation was asked only against the defendant in her capacity as administratrix—not also individually—and that the only prayer referring to costs was the following:—

"She prays for all necessary orders, for costs and for general relief."

Taking this prayer in connection with the demand for citation upon defendant *as administratrix* (not individually as well) it seems clear that costs were asked against the administratrix only—not against Mrs. Howell in her individual capacity.

We will, therefore, amend the judgment so as to decree payment of the costs of this immediate litigation against the defendant as administratrix, but are not to be understood from this as expressing the opinion, or holding, that the estate of the deceased is to be burdened with any other charges on account of this litigation than the mere court costs of the suit.

It is ordered and decreed that the judgment appealed from be amended so as to decree the costs of this immediate litigation in both courts against defendant in her capacity as administratrix, and not individually, and as thus amended the said judgment be affirmed.