OVERTON, Justice.
 

 Plaintiff brought an ordinary suit, not coupled with an attachment, against defendant •on a judgment obtained against the latter in the state of Arkansas. Before a return was .made on the citation, the case was dismissed .by plaintiff. Immediately following its dismissal and the payment of the costs that had accrued in the case, plaintiff brought another .suit on the same cause of action — this'time .in rem — coupled with a writ of attachment, under which certain property, inherited by defendant, was seized. The attachment was sued out on the ground that defendant was an absentee or nonresident of the state. Service of citation was made by posting on the courthouse door.
 

 Defendant, solely for the purpose of dis- . solving the attachment, appeared in court and moved to dissolve it, on the ground that the .affidavit, upon which the writ issued showing that defendant was an absentee, was •false.
 

 After hearing evidence upon the motion, the court sustained it. This necessarily terminated the case, for with the fall of the .attachment, the proceeding being in rem and resting on the attachment, the entire case ■fell.
 

 The evidence shows that defendant, earlier in life, was a resident .of Natchitoches parish. He moved from that parish to the state of Arkansas, where, admittedly, he established a domicile. He was an employee of a railroad company there. He lost his position in the early part of 1931. He remained in Arkansas until November 24, 1931, when he left for this state, going to Natchitoches, where his mother resided. Although he was married, he did not bring his wife and child with him. This was due to family troubles which caused a separation between defendant and his wife. He has been living with his mother, and has not left the state since his arrival. He has endeavored to obtain employment in Natchitoches, but in vain, his failure being presumably due to the present general depression. He himself testifies that, when he left Arkansas, he left with the intention of establishing his domicile permanently in Natchitoches. The evidence of his brother-in-law supports this statement. The only evidence to the contrary is a statement of the affiant, who made the affidavit for the writ, appearing both in the affidavit and the transcript of the evidence taken that it is his belief defendant was an absentee or nonresident of the state.
 

 Our conclusion is that these facts suffice to show that defendant went to Natchitoches with the intention of residing there permanently, and did locate there with that intention.
 

 It was not necessary that defendant establish the intention to reside at his selected domicile by showing the filing of an affidavit, setting forth such intention, but, at least, where no affidávit is filed, as was the
 
 *795
 
 case here, defendant had the right to show ' such intention by proving the required circumstances. Cf. Succession of Simmons, 109 La. 1095, 34 So. 101; Civ. Code, arts. 42, 43. However, plaintiff urges that, if defendant came to this state with the intention of residing here permanently, and located here, he nevertheless was not a resident of the state when the attachment issued, since he had not been here for the period of a year, and therefore that his property was subject to attachment on the ground of nonresidence. He cites in support of this theory Boone v. Savage, 14 La. 169; State v. Judge, 2 Rob. 449; Lowry v. Erwin, 6 Rob. 192, 206, 39 Am. Dec. 556; Amis v. Bank, 9 Rob. 348. These decisions rest on the Acts of March 7, 1816, and March 16, 1818 (Bullard & Curry’s Dig. [1842] pp. 286, 287). By these acts a residence of one year is required in the state to acquire a domicile, sufficient to defeat the right to attach on the ground of nonresidence. Since their passage, over a century ago, the laws of this state have been revised. The acts are not incorporated in the Revised Statutes of 1S70, where they might be expected to be found, nor in the Revised Civil Code of 1870, nor in the Revised Code of Practice of 1870. If still extant, they would operate as a harsh and unnecessary restriction on immigration —a restriction which is contrary to the general policy of the state. The Revised Statutes, the Civil Code, and Code of Practice cover the subject-matter of absentees and nonresidents, and the Code of Practice the subject-matter of attachments. The failure to incorporate the acts of 1816 and 1818, in substance, into one of these works, effected their repeal, assuming that the acts were still in force then. With them fell the decisions, relied upon as precedent. The law now is that the intention to acquire a permanent, residence in the state combined with the fact, of residence, even for a short period, fixes the domicile here, and renders one’s property not subject to attachment on the ground of non-residence.
 

 Finding no error in the judgment, rendered below, it is affirmed.