By alleging that defendant, Tom C. Patten, is a nonresident of Louisiana, in the petition of this suit instituted on May 17, 1940, for the purpose of recovering judgment on an asserted indebtedness, plaintiff, E.W. Rappeport, obtained a writ of attachment; and thereunder, through garnishment process, certain rights and credits belonging to the former were seized.
A motion to dissolve the writ was timely filed by the defendant, in which he traverses the petition's allegations and avers his residence and home to be Shreveport, Caddo Parish, Louisiana. Additionally, he claims damages resulting from the seizure.
Trial of the motion was held on June 21, 1940, and there was judgment, rendered on that date, ordering a dissolution of the writ of attachment at plaintiff's costs and rejecting defendant's claim for damages.
Plaintiff was granted an appeal to this court, returnable August 12, 1940. The record filed here within that return date was incomplete in that it did not contain the transcript of testimony; and appellee, because of this irregularity, moved to dismiss the appeal.
The motion to dismiss must be denied. Before the arrival of the date on which it was fixed for hearing or trial, the omitted transcript was presented and filed; and the informality complained of was thereby corrected. Act No. 234 of 1932. *Page 910 
It is admitted by defendant that he was a resident of and domiciled in the State of Texas prior to April 30, 1940, or up until eighteen days before the institution of this proceeding. But he insists that he removed to Shreveport, Louisiana, with the intention of living there permanently, on that date, and that he has since resided in said city.
As said in First National Bank of Shreveport v. Pierson,176 La. 792, 146 So. 749, 750:
"The law now is that the intention to acquire a permanent residence in the state combined with the fact of residence, even for a short period, fixes the domicile here, and renders one's property not subject to attachment on the ground of non-residence."
With reference to the matter of proving a change of domicile, however, our Supreme Court observed in Succession of Simmons,109 La. 1095, 1097, 34 So. 101, 102:
"The party who seeks to avail himself of a change of domicile bears the burden of proving it. So long as any reasonable doubt remains, the presumption is that it has not been changed. The domicile of origin continues until another is acquired, animo et facto."
And in First National Bank v. Hinton et al., 123 La. 1018, 1023, 49 So. 692, 694, the following is said:
"The question of domicile is one of intention as well as of fact, and where, as in this case, it appears that a domicile has been acquired in another state, the parties seeking to show that it has been changed to this state must overcome the legal presumption that it has not been changed by positive and satisfactory proof of the establishment of a domicile here as a matter of fact with the intention of remaining here and of abandoning the former domicile."
The last two extracts are approvingly quoted in Texana Oil 
Refining Company v. Belchic, 150 La. 88, 90 So. 522, a case in which the validity of a writ of attachment, predicated on the alleged nonresidence of the defendant, is challenged.
The occupation of the defendant in the instant cause concerns the production of oil, and it requires considerable traveling on his part to many oil producing areas. During and since the year 1936 he has been interested in the several oil fields located in Caddo Parish, Louisiana; and numerous trips in connection with his interests have been made to that section, on the occasions of which he stayed at hotels in Shreveport, usually the Washington-Youree Hotel.
For two and one-half years prior to July 10, 1939, the Melrose Apartment Hotel of Dallas, Texas, was considered his home. On that date he was married, and for a number of months thereafter the couple resided at the River Oaks Garden Apartments in Houston, Texas.
In October, 1939, there was organized in Shreveport, Louisiana, the Southern Oil Gas Corporation, all of the stock in which, except one share, was owned by defendant and his wife; and this company was used for his Louisiana operations. In its articles of incorporation, and also in approximately twenty instruments filed in the records of Caddo Parish, Louisiana, before April 30, 1940, to which his signature was affixed, he was declared to be a resident of Houston, Texas. From that date until the institution of this suit, there were no recorded instruments to which he was a party.
The named corporation carried an account in the bank at Oil City, Louisiana, near which town it drilled three wells during the period from January to April, inclusive, of 1940. While attending these operations, defendant roomed at the Washington-Youree Hotel in Shreveport.
It is the testimony of defendant, of his wife, and of representatives of the named hotel, that on April 30, 1940, the couple selected and engaged a room at that establishment, then declaring themselves to be, and being classified as, permanent guests. For it there was paid a rate of $4.50 per day, payable weekly. Luggage belonging to them was stored in the hotel baggage room on May 2, marked permanent; but this consisted of only one suitcase. This arrangement was continuing at the time of the trial on June 21, 1940. In the interim, however, defendant and his wife visited in Houston on at least one occasion, and also he undertook trips to other parts of Texas.
The automobile used by the couple, which defendant contends is the separate property of his wife, still carries Texas license plates. A bank account opened by Mrs. Patten in Houston is yet maintained there, while defendant himself performs no personal banking. Neither of the parties *Page 911 
has attempted to become a qualified voter in this state.
It was encumbent on defendant, as above pointed out, to establish by convincing and a preponderance of proof an abandonment of his Texas domicile prior to the attachment's issuance. His burden, in our opinion, has not been discharged; and we are compelled to hold that the writ was properly issued and is well founded. Particularly weighing heavily against his contention, are the circumstances that the living arrangements in Shreveport since April 30, 1940, the effective date of the purported change, differed only slightly, if at all, from those enjoyed prior thereto when admittedly he was a resident of Texas; that a Louisiana automobile license was never acquired for the car that he used; and that the wife's bank account remains in Houston, Texas.
Accordingly, the judgment appealed from is reversed and set aside, the motion to dissolve the writ of attachment is overruled and the case is remanded for further proceedings according to law. Costs of the trial of such motion and of this appeal shall be paid by defendant, while all other costs are to await the final determination of the case.