This is an action of nullity of judgment upon the ground that the judgment debtor was not legally cited. Herbert C. Mills alleged that Edward J. Hornung obtained a judgment in the First City Court against him in the sum of $300 by default, without proper citation, since it was served on his wife, from whom he had become estranged and with whom he was not living at the time, at her domicile No. 4174 Iberville Street, in the City of New Orleans.
Article 606 of the Code of Practice provides that among the vices of form for which a judgment can be annulled is the following:
"If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him".
Citation may be made personally or domiciliary. Articles 187, 188 and 189 of the Code of Practice. Article 189 reads as follows:
"It is made at the domicile when the copies of the citation and petition are left at the usual place of domicile or residence of the defendant, if he be absent, by delivering them to a person, apparently above the age of fourteen, living in the house".
The question presented is whether Mills was domiciled at 4174 Iberville Street, where the service of citation was made, or 1739 Pauline Street, as he claims he was.
Article 38 of the Revised Civil Code declares that:
"The domicile of each citizen is in the parish wherein he has his principal establishment.
"The principal establishment is that in which he makes his habitual residence; if *Page 666 
he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected".
Article 166 of the Code of Practice states:
"If a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment, or his habitual residence.
"If his residence in each appear to be nearly of the same nature, in such a case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provisions of the law, in which of those parishes he intended to have his domicile".
These authorities refer to the parish or parishes in which one resides and the effect of intention with respect to the fixing of the domicile, but the same principle applies to different residences in the same parish. It is a familiar principle of law that when once a domicile is acquired it continues until another has been established and the burden of proving the change of domicile rests upon the party who seeks to establish it. Young v. Byrnes, 14 Orleans App. 75; Person v. Person, 172 La. 740,135 So. 225. A person may have a number of residences but only one domicile. State ex rel. Egan, Attorney General, v. Steele, 33 La.Ann. 910; Succession of Steers, 47 La.Ann. 1551, 18 So. 503; Estopinal v. Michel, 121 La. 879, 46 So. 907, 19 L.R.A., N.S., 759.
The record definitely discloses that Mills at one time lived with his wife at No. 4174 Iberville Street. He contends, however, that though not legally separated, he had, for a period of more than one year prior to the date on which the citation was served, lived apart from his wife at No. 1739 Pauline Street. He owned the building on Iberville Street in which his wife resided and occasionally visited it (there were several apartments in the building) for the purpose of supervision. In September, 1940, Mills voted in the Ward in which the Iberville property was located, and it was not until February or March, several months after the service of citation, that his registration for voting purposes was changed and then not to his Pauline Street address, but to his business address No. 617 S. Rampart Street. He signed an act of sale, before a notary public, in which he declared that he and his wife were living together in October, 1940, one month before the service of the citation. Mills also filed a claim for homestead exemption for the Iberville Street property for the year 1941.
Counsel strenuously objects to the consideration of the foregoing evidence upon the ground that it tends to establish an estoppel without any special plea to that effect having been filed (Brian v. Bonvillain, 111 La. 441, 35 So. 632; Dohan's Heirs v. Murdock, 40 La.Ann. 376, 4 So. 338; Succession of Seymour, 52 La.Ann. 120, 131; Davis v. Binion, 5 La.Ann. 248), but we believe the evidence is admissible because it tends to throw light upon the intention of Mills with respect to his domicile.
It is true that two witnesses, Peter Nastasi and Ernest Defourneaux, friends of Mills, testified that he was living apart from his wife in the property on Pauline Street, and Mrs. Mills stated that she had informed Hornung that her husband did not reside in the Iberville Street property, and Mills also testified that he had informed Hornung to that effect. This evidence tends to show that Mills had another residence and that both he and his wife told Hornung that he had, but his actions with respect to the Iberville Street property speak louder than words and it is our opinion that he had not abandoned the domicile which he had established with Mrs. Mills on Iberville street, intending, no doubt, to return whenever his marital relations should be re-established on a normal basis.
Our conclusion is that the judgment of the trial judge in dismissing the suit for nullity and maintaining the validity of the judgment against Mills is correct, consequently, and for the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 667