HARDY, Judge.
This is a suit in which plaintiff, as lessor of a planer mill, seeks to recover certain sums alleged to be due from defendant-lessee by reason of unpaid rental and damages to lessor’s property. Plaintiff also sought the cancellation of the lease agreement. In aid of the enforcement of his demands plaintiff caused writs of attachment to issue , and seized property belonging to defendant on the basis of the alleged fact that defendant was a non-resident of the State of Louisiana.
Defendant moved to dissolve the writ of attachment, which motion was based on two grounds, first, that the defendant was not a non-resident of the State, and, second, that the verification of plaintiff’s petition was made by affidavit of his attorney at a time when the plaintiff was present in the Parish of Natchitoches.
After hearing, the motion to dissolve was overruled, whereupon defendant, reserving his rights under the motion, filed an answer generally denying the allegations of plaintiff’s petition, and reconvening on a claim in the amount of $908.67 alleged to be due by plaintiff.
The suit was tried on the merits and there was judgment in favor of plaintiff and against the defendant in the amount of $248.85, which judgment further maintained the writ of attachment, ordered the dissolution of the lease agreement and by implication rejected defendant’s reconven-tional demand. From this judgment defendant appealed.
The contract of lease between plaintiff and defendant was entered into on August 26, 1946, for a term of 12 months fixed as beginning August 19, 1946. Under the provisions of this instrument plaintiff leased a planer mill and premises for a stipulated consideration of $1.50 per thousand feet of all lumber planed at the mill. Defendant-lessee agreed to operate the mill on a full time basis and to make payments of the consideration monthly on the basis of the board feet planed the preceding month.
Another provision of the lease which is at issue in this suit obligated the lessee to keep the improvements on the mill in a good state of repair and to return same to the lessor at the termination of the lease in as good a state of repair as when lessee took possession, with the exception of reasonable wear and tear.
We shall proceed first to dispose of the points raised in the motion to dissolve the attachment.
The facts adduced on trial of the motion to dissolve, in our opinion, conclusively support the allegation of defendant’s non-residence. It was established that defendant, his wife and young son, did come *402 to the City of Natchitoches, Louisiana, in or about the month of July, 1946, shortly before the execution of the agreement of lease between plaintiff and defendant, where they lived in a rented apartment, but it was shown that defendant owned a home in Sweetwater, Texas, where he had resided for some time; that though he had rented the home on a month-to-month basis upon leaving Sweetwater, nevertheless, he and his family had lived in the home as late as December, 1946, for a short period of time. Defendant himself testified that he had paid the poll taxes of himself and wife in Sweetwater in December, 1946, and that he had actually voted in the Texas primary election of July, 1946.
Defendant was engaged in the lumber business and it was shown that he had interests in Texas and Mississippi in addition to his interest in operating the planer mill in Natchitoches Parish, Louisiana.
We do not think anything worthy of consideration was presented on trial of the motion which would justify finding that defendant had surrendered his residence in the State of Texas. On the contrary, the only reasonable conclusion which could be reached on the basis of the evidence would be that defendant was temporarily residing in the Parish of Natchitoches purely as a matter of convenience in connection with the operation of the mill which he had leased from plaintiff for a term of one year.
The other point which was raised by defendant was with reference to the sufficiency of the affidavit of plaintiff’s attorney which was appended to the petition.
It is shown by the record that plaintiff’s petition was verified by affidavit of his attorney made on the 17th day of December, 1946, on which date the petition was filed. But there is attached to the petition the affidavit of plaintiff himself swearing to the correctness of the facts set forth in the petition and further declaring the defendant to be a resident of Texas, necessitating a writ of attachment to protect plaintiff.
It is pointed out that the affidavit of plaintiff above referred to is dated December 16, 1946, and an attempt was made on the part of defendant to show that such affidavit was executed prior to the drawing of the petition. However, defendant failed to prove this fact. Plaintiff’s counsel testified that the petition had been dictated to his stenographer and that plaintiff knew the contents thereof. This witness explained the discrepancy in dates on the ground that it was the routine of his office for his secretary to date documents at the time she actually typed them rather than on the date of dictation. The witness further testified that the petition which was actually filed had been dictated when he himself typed the affidavit which plaintiff signed.
Reference to the affidavit which was brought under consideration discloses that plaintiff swore to the correctness of the facts set forth in the petition. The affidavit also contained the essential and necessary statement of the non-residence of defendant, which fact, of course, constituted the basis for the issuance of writs of attachment.
In our opinion plaintiff’s affidavit complies with the requirements of verification as prescribed by the Code of Practice, in connection with the issuance of conservatory writs, and the fact that it was actually executed the day before the petition was dated and filed is not such an irregularity as to constitute a material defect.
For these reasons we find no error on the part of the Judge of the district court in overruling the motion to dissolve, which action is herewith affirmed.
As to the merits, it is established that defendant ceased operation of the mill some time during the month of November, 1946, despite the obligation of the lease agreement to operate the mill full time. True, defendant claimed that the cessation of operations was necessitated by unfavorable weather conditions, but this claim was successfully controverted by the testimony of witnesses for plaintiff. However, we see no purpose which would be served by a discussion of the details of testimony bearing upon this point, in view of the fact that the term of the lease has expired and any question as to the right of plaintiff to a cancellation thereof has passed out of the case and become moot.
*403 Defendant acknowledged that the sum of $151.49 for lumber planed at the mill as claimed by plaintiff was due and owing.
The balance of the amount claimed by plaintiff is made up of sums alleged to be due for the repair of a furnace allegedly broken and rendered useless by defendant, in the amount of $50; for the repair of a shed on the leased premises torn down by the defendant, in the amount of $25; and for the destruction of belting by defendant to a value of $90.
In a well reasoned written opinion our learned brother of the district court allowed the item claimed for damage to the furnace in the sum of $50, together with an amount of $47.36 for siding used by defendant in the construction of an office building. The learned Judge called attention to the fact that plaintiff did not sue for this amount, but that the account filed by defendant representing the sum to be due plaintiff had the effect of enlarging the pleadings to that extent.
On the basis of these items the amount of the judgment in favor of plaintiff was made up in the sum of $248.85.
Plaintiff’s claim for belting destroyed was disallowed by the Court on the ground that the belting had been replaced by the defendant, which belting the Court assumed to have been left on the mill by defendant. The Court further disallowed plaintiff’s claim for damages to the shed.
On the basis of the testimony of the witnesses, we find these conclusions of the district judge to be more than adequately supported, and defendant has failed to point out any manifest error in connection therewith.
The reconventional claims of defendant consisted of a sum of $300 alleged to be due by plaintiff as the cost value of an office building erected on the leased premises, together with other miscellaneous items of expenses for new belts, babbitt metal, etc. Defendant’s statement showed as the total amount claimed on all these items the sum of $360.16, against which he allowed plaintiff credits of $151.49 for lumber planed and $47.36 for siding used, leaving an alleged balance in favor of defendant of $161.31.
 With reference to the items comprehended by these claims, we are of the opinion that the district judge correctly held that the alleged cost of the erection of the office building was not recoverable since it was to be considered as that character of improvement on leased premises which was subject to removal by the lessee at the expiration of the term of the lease, and that the items of belting, etc., should properly be considered repairs which lessee was obligated to make under the terms of the lease.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
KENNON, J., absent.