Thomas Greene filed this suit in the District Court of Natchitoches Parish to set aside land nullify a judgment rendered against him on April 28, 1947, on the ground that the judgment was not read aloud nor signed at the regular motion hour, but was signed in the office of the clerk of court after adjournment of the Court and out of the presence of Greene's counsel.
The answer admitted that the judgment was not signed in the court room, but alleged that same was signed in an open court session held in the clerk's office on the afternoon of the day in which the same judgment had been exhibited to Greene's counsel in open court and that the delay in signing was simply to settle a question raised by the Court as to whether or not the maintenance of a writ of attachment had already been covered in a written decree.
The District Court rendered judgment dismissing the suit at plaintiff's costs, in which the Judge stated that an opinion was given by the Court in open court on April 24, 1947 in the presence of counsel for both parties; that on April 28th at motion hour, the judgment, in accordance with the opinion, was read but withdrawn before signing because the judgment did not contain a decree maintaining the writs of attachment; that later in the day, after the Court had visited the scene in a pending railroad case, Court was opened in the clerk's office for the purpose of deciding this railroad case and that the Lambert-Greene judgment, having been corrected, was also read and signed; and that defendant Greene (plaintiff in the present *Page 296 
case) perfected an appeal from the judgment and lost his case in the Court of Appeal.
Article 605 of the Code of Practice sets forth the causes for which the nullity of a definitive judgment may be demanded. These causes relate either to the form of the proceeding in which the judgment is rendered, or to the merits of the question tried. In the case before us, no question of merit is raised by the pleadings — nor could it well be since an appeal was taken on the judgment and same was affirmed on the merits in this Court after full hearing. Lambert v. Greene, La. App., 32 So.2d 400.
Article 606 of the Code of Practice sets forth the vices of form by which the judgment can be annulled. Briefly, a judgment can be annulled for vices of form only in cases (1) when the defendant could not stand in judgment (2) where the defendant has not been cited and has made voluntary appearance and (3) where the Court was without jurisdiction ratione materiae. The petition in the case before us sets forth none of the causes enumerated in this Article of the Code of Practice. The record shows that no proof was made of facts showing the existence of any vices in the form of proceeding which would entitle Greene to a judgment nullifying the judgment rendered against him.
We find no evidence in the record to sustain the allegation of fraud and ill practice contained in the petition. On the contrary, the record discloses that the judgment was rendered after citation, appearance, trial, and after the opinion of the trial court had been delivered in open court in the presence of defendant's counsel. From an equitable standpoint, the irregularity complained of was minor and did the defendant no substantial damage. In addition, defendant Greene is guilty of laches. At the time he perfected his appeal, he knew of course that the judgment had been signed. He accepted the benefit of having the case reviewed, and, having lost on the merits, he cannot with good grace now ask that the judgment be set aside because of a deviation from the rules of court, which did his client no substantial injury. As noted by the District Judge, if this were a case in which Greene's counsel had no notice of the signing of the judgment and as a consequence, had failed to perfect an appeal, he would be entitled to relief.
Since the plaintiff neither alleged or proved any legal grounds justifying the setting aside of the judgment regularly rendered against him, the District Court correctly rendered judgment rejecting his demands. That judgment is affirmed, with costs. *Page 388