The superior right as between the plaintiff and the intervener and third opponent, to the proceeds of sale by the sheriff, of one Buick automobile, property of the defendant, is involved in this suit. To determine this right requires the ranking of the mortgages against the automobile held by said litigants. Defendant made no appearance in the case, nor did he file answer to either demand.
Intervener's mortgage is dated May 13, 1948. It was executed before a notary public in Bienville Parish and was duly registered therein. In the act the mortgagor (defendant) is declared to be domiciled in Bienville Parish. The note that this mortgage secures was given by defendant to his wife for cash loaned him and was by her delivered to intervener and third opponent to secure or pay an indebtedness due by her to it.
Plaintiff's mortgage is dated May 20, 1948. It was executed before a notary public in Ouachita Parish and in it the mortgagor declared himself to be a resident of Lincoln Parish. The instrument was duly recorded in the office of the Clerk and Recorder of that parish.
It is not stated in either of the acts of mortgage where the car was located nor where it would be kept thereafter.
The defendant defaulted in payments under each mortgage and plaintiff filed foreclosure proceedings by ordinary process in Ouachita Parish where the car was then temporarily located and personal service was had upon the defendant. Thereafter the intervention and third opposition was filed. *Page 398 
Plaintiff contends that when each of said mortgages was executed defendant was a resident of and was then domiciled in Lincoln Parish, and, therefore, since its mortgage was registered in that parish, although subsequent in date to that of the intervener, it should take precedence over the other mortgage. Conversely, intervener argues that when each mortgage was executed, defendant was a resident of and domiciled in Bienville Parish, and that its mortgage, having been timely recorded in that parish, takes precedence over the mortgage held by the plaintiff.
The lower court ruled in favor of the intervener, and judgment was rendered in its favor, as by it prayed. The plaintiff appealed.
The facts of the case are not to a great extent in dispute. Defendant, then a resident of Wesson, in the State of Mississippi, married Mrs. Willie Stell of the same residence, on February 15, 1948. At that time both parties were engaged in business in Wesson. Defendant desired to locate in Arcadia, Bienville Parish, Louisiana, his home of many years previous, and there open up a car sales agency, and prevailed upon his wife to dispose of her business, that of beautician, and accompany him to Louisiana. He assured her, although falsely, that he had succeeded in leasing an apartment for their use in Arcadia, and did not until they had almost gotten to that town with her furniture and household effects, enlighten her to the contrary. Instead of having a respectable apartment for their living quarters, the husband had only been able to lease what is referred to by his wife as a "shack," out in the open country in Lincoln Parish, a short distance east of the eastern line of Bienville Parish, and two or three miles east of Arcadia. This building had only four rooms and had been recently constructed from old and inferior grade lumber. It did not suit Mrs. Lowery, even for temporary quarters, but unable to do better, the couple, with Mrs. Lowery's two small children, established residence therein until the expiration of the four months lease they had on the building. After this, they abandoned the leased premises and returned with household effects, etc. to their former home in Mississippi. Very soon thereafter the parties were divorced.
While it was defendant's intention to establish his domicile and residence in the Town of Arcadia, and open business therein, the testimony is conclusive that he did neither. While occupying the "shack" he continued to motor over portions of Louisiana and Mississippi, buying and selling used cars. His wife invariably accompanied him on such trips and left her children with defendant's sister who lived in Arcadia. Mrs. Lowery, who appeared as a witness for the intervener, testified that after each trip over the country, they returned to the leased premises as their home, and when not on the road the mortgaged automobile was kept there.
Prior to mortgaging the car to plaintiff, defendant filed a formal application for the loan, mainly consisting of questions and answers in which he stated that Lincoln Parish was his residence. This information was necessary for the mortgagor to determine the proper office in which to file and have recorded the mortgage in its favor.
The law applicable to recordation of chattel mortgages is to be found in Section 3 of Act No. 172 of 1944. So far as pertinent to the facts of the present case, we quote it, to-wit:
"In order to affect third persons, every chattel mortgage must be by authentic act, or by private act, duly authenticated in any manner provided by law. A multiple original of every such act of mortgage shall be filed in the office of the Recorder of Mortgages of the parish where the mortgaged property is to be located according to the terms of the mortgage instrument and also in the office of the Recorder of Mortgages of the parish of the mortgagor's domicile, if the mortgagor is domiciled in the State. If the mortgagor is not domiciled in the State, filing in the office of the Recorder of Mortgages of the parish where the property is to be located according to the terms of the mortgage instrument will be sufficient."
That defendant and his wife intended to and in fact did abandon their domicile in Mississippi with the definite, fixed intention *Page 399 
of acquiring a new domicile in the State of Louisiana, is beyond any question. The fact that circumstances beyond their control prevented the establishment of a new domicile in the parish of their primary desire did not militate against the fixed purpose of effecting transition in domicile; and when defendant and his wife established themselves, though temporarily, in the building located in Lincoln Parish, for all legal intents and purposes, this place became their Louisiana domicile. And, as a concomitant it became their residence. Especially should this construction be placed upon their action, when, as against same, nothing is advanced except the ultimate intention and purpose to establish a domicile and residence in the Parish of Bienville. The fallacy of arguing that Bienville Parish was in legal effect the domicile and residence of these people is emphasized by the fact that when they moved from Lincoln Parish they did not go to Bienville Parish, but returned to Mississippi, their former home. Though it may be described as temporary, the domicile and residence established in Lincoln Parish was the only semblance of such they had in Louisiana. This fixed the locus of the office wherein the mortgages should be registered in order to affect third persons.
Concerning the necessary facts to constitute acquisition of a domicile or residence, it is said in Brewster v. Emlet,168 La. 326-330, 122 So. 54, 55:
"If there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, 'it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling.' Succession of Steers, 47 La. Ann. 1551, 18 So. 503. The domicile is then 'fixed,' even as soon as such residence has begun or lasted 'even for a few days' only. Gravillon v. Richard's Ex'r., 13 La. 293, 33 Am.Dec. 563; Verret v. Bonvillain, 33 La. Ann. 1304."
In First National Bank of the City of Shreveport v. Pierson,176 La. 792-796, 146 So. 749, 750, on the same subject, the court, in passing, said:
"The law now is that the intention to acquire a permanent residence in the state combined with the fact of residence, even for a short period, fixes the domicile here, and renders one's property not subject to attachment on the ground of non-residence."
To the same effect are: Succession of Purdy v. Klock,179 La. 902-907, 155 So. 394; Rappeport v. Patten, La. App.,3 So.2d 909.
For the reasons herein assigned, the judgment from which appealed is annulled, avoided and reversed, and there is now judgment in favor of plaintiff and against the intervener and third opponent, recognizing plaintiff's mortgage on the automobile, seized and sold herein, to be superior in rank and to prime the mortgage asserted by intervener and third opposition; and the sheriff of Ouachita Parish is hereby ordered to pay over to plaintiff the proceeds of the sale of said automobile now in his hands.
It is further ordered that costs of court incurred through the filing, prosecution and trial of the intervention and third opposition, including costs of appeal, shall be paid by intervener and third opponent. *Page 400