## BELL v. MILSAK.

Civ. A. 3429.

United States District Court
W. D. Louisiana, Monroe Division.
Aug. 18, 1952.

Sidney E. Cook, Cook, Clark and Egan, Shreveport, La., for plaintiff.

J. C. Theus, Jr., Theus, Grisham, Davis & Leigh, Monroe, La., for defendant.

DAWKINS, District Judge.

This is a suit in tort in which jurisdiction depends upon diversity, and defendant has moved to dismiss on the ground that both parties are citizens of Louisiana.

Young Milsak, in the Fall of 1949, when nineteen years of age, entered Louisiana Polytechnic Institute at Ruston, Louisiana, as a student. At the time his home was with his father and mother in the State of New York, and he was received as an out-of-state student, and as such, paid some $100 a year

220

extra fees not required of those residing in the state. Early in 1951, when he had become twenty-one years of age, Milsak registered to vote in this state, but was drafted into the military service in the Fall of that year and has never exercised the franchise. His registration as a voter saved him $50 for only one semester before going into the armed forces late in 1951.

In his testimony, Milsak was very frank in saying that this saving had much to do with his registering to vote in this state, and while he liked the school and the South, he had not determined where he would reside when he leaves the service. He did state that he wanted to finish the course which had been started at Tech. However, he was equally frank in saying that whether he returns to this state or goes elsewhere for his life's work will depend on where, in his judgment, he can get the best job.

 The burden was upon defendant to prove the change of domicile to Louisiana from the place of his birth in New York. Residing in a college town only as a student does not establish a domicile where the individual, during the major portion of the time, was not only a minor supported principally in school by his parents, but returned to his home in another state during vacation periods. It is admitted by the defendant that the main purpose in registering to vote in Louisiana was to save himself some money, and he nowhere says he intended to remain here permanently or to abandon his domicile in New York. It is my belief that this falls short of the proof necessary to make him a citizen of Louisiana. 28 C.J.S. Verbo Domicile, § 12(3); A.L.I., Conflict of Laws, Sec. 18; 17 Am.Juris., Verbo Domicile, Sec. 74. Hornung v. Mills, La.App.1942, 7 So.2d 665; Succession of Simmons, 1903, 109 La. 1095, 34 So. 101; Rappeport v. Patten, La.App.1941, 3 So.2d 909. Requirements for qualification to vote in this state are not the same as those to establish domicile. See Fleming v. Joyce, 1909, 123 La. 633, 49 So. 219.

This case is easily distinguishable from McHaney v. Cunningham, D.C., 4 F.2d 725, by the writer, for there the school-teacher involved had lived in this state with his family for a long period of time, teaching at what is now Northwestern State College in the City of Natchitoches. He was a registered voter and exercised many of the other rights of citizenship. At the time he was sued, there was no proof of a definite intention to return to Arkansas, and, as a matter of fact, when he did finally return, long after being sued, it was to another part of the state.

The conclusion is that defendant has not discharged the burden resting upon him of proving he had acquired a domicile in Louisiana, and the motion to dismiss will be denied.