LeSUEUR, Judge.
Intervenor, Marguerite de Bony de La-vergne, has appealed from a judgment rendered on January 24, 1969, dismissing her intervention at her cost and dissolving a preliminary injunction issued on October 21, 1968, which had prohibited the disposal of the items seized by plaintiff under a writ of nonresident attachment in an action involving a separation from bed and board.
This suit is an adjunct to a suit possessing the same title recently decided by this court, de Lavergne v. de Lavergne, 224 So.2d 149 (La.App. 4th Cir. 1969). In the original de Lavergne case heard on appeal, we held that the writ of nonresident attachment issued in the separation action was issued in error since the requirement that a curator ad hoc be appointed at the commencement of the attachment was not fulfilled and that the appointment of a curator ad hoc in the in personam action of separation was not sufficient to constitute the appointment of the curator ad hoc for any ancillary in rem actions that might arise, these actions requiring that a curator ad hoc be appointed at their inception.
Prior to our above decision, Marguerite de Bony de Lavergne had intervened in the attachment proceeding under the writ of nonresident attachment erroneously issued, alleging that she was the owner of the seized property, having acquired the same from her family, and requested the issuance of a restraining order against the plaintiff, June Hockwald de Lavergne, and the Civil Sheriff to protect her rights until the question of the ownership of the seized property should be determined.
The court on October 21, 1968, after a hearing, issued a preliminary injunction against the Civil Sheriff and June Hock-wald de Lavergne to prevent the sale or disposal of the property upon intervenor furnishing a $250.00 bond. After a hearing on its merits, the court on January 24, 1969, rendered a judgment dismissing the intervention of Marguerite de Bony de Lavergne and dissolving the preliminary injunction.
In their respective briefs, both interve-nor and plaintiff-respondent argue the merits of intervenor’s action. In oral argument, intervenor relied on our recent decision to assume for the first time the position that since the writ of nonresident attachment has been dissolved there is no need to determine the merits of her intervention, since the basis for her intervention, the proposed sale of the seized property, has been' removed and the property has been returned to the possession of defendant’s agents. Plaintiff-respondent argued that intervenor had not proven her claim and that the judgment dismissing her claim should be affirmed, for to hold otherwise would be giving intervenor two opportunities to win her lawsuit.
LSA-C.C.P. Art. 3506 is applicable to the dissolution of writs and states, in the pertinent part thereof, as follows:
“The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
* * *>"
Most important to this case is the second sentence, “the action shall then proceed as if no writ had been issued”.
If this action had only been an in rem action initiated by the writ of attachment, dissolution of the writ of attachment would terminate the case. First National Bank of Shreveport v. Pierson, 176 La. 792, 146 So. 749 (1933). In the present case, the primary action is an in personam action for separation and alimony. Thus, the dissolution of the writ of nonresident attachment does not terminate the whole action, but only the attachment in connection with the primary in personam action.
*287 Although plaintiff-appellee has thoroughly briefed the issues as presented in the trial court, we find merit in interve-nor’s position that the rights of these parties must be governed by our previous opinion dissolving the writ, which removed plaintiff-respondent’s attachment and inter-venor’s intervention therein, thus eliminating the basis for the present lawsuit.
For the foregoing reasons, the judgment of the trial court dismissing Marguerite de Bony de Lavergne’s intervention is annulled and the parties to this action are restored to the status occupied by each at the inception of the writ of nonresident attachment, intervenor’s rights in this matter being in no way impaired by the dissolved writ. Costs of this appeal are to be borne by plaintiff-appellee.
Annulled.