357 So.2d 905 (1978)
In re KENNEDY, applying for adoption, Plaintiff-Appellee.
No. 13525.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
*907 McKeithen, Burns & Lewellyan by Don C. Burns, Columbia, for defendant-appellant.
Carl F. Walker, Monroe, for plaintiff-appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Plaintiff petitioned for the adoption of his wife's 15-year-old son by a previous marriage, alleging that the consent of the child's father was unnecessary under LSA-R.S. 9:422.1(3)[1] because the legitimate father was a nonresident of this state and failed to support the child for a period of one year after judgment awarding custody to the mother. The legitimate father filed an opposition to the adoption alleging that he was not a nonresident and that he had not failed to support the child. After trial the district court granted the adoption. The legitimate father appealed. We conclude that the legitimate father is a domiciliary of Louisiana and is not a nonresident of this state as contemplated by the statute, and reverse the judgment of the district court.
The district court's written reasons for judgment are brief:
"The Court, after reviewing the entire testimony of the parties as to their participation and involvement with the child, . . . and in viewing the recent jurisprudence of this State, grants the adoption of [the child] to [the applicant]."
The reasons do not contain any findings of fact with respect to the nonresident issue, but necessarily implied in the result is a finding that the legitimate father was a nonresident.
On appeal the legitimate father specifies the trial court erred:
(1) in holding that appellant was a nonresident of this state;
(2) in holding that appellant failed to support his child for a period of one year; and
(3) in failing to hold that LSA-R.S. 9:422.1 is unconstitutional as violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution in that it discriminates against nonresidents.
The evidence clearly establishes that appellant has not contributed support for his son for a period of several years, having made only token and very infrequent gifts of cash and clothes. Although one or two checks for small amounts sent by appellant to his son were either returned or not cashed the evidence does not establish any justification for appellant's failure to provide support.
The constitutional issue was not raised in any manner in the district court and is raised for the first time in appellant's appellate brief. The constitutional issue cannot be considered by this court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Simon v. Jefferson Davis Parish School Board, 289 So.2d 511 (La.App. 3d Cir. 1974), writ refused 293 So.2d 178 (1974).
Further, it is unnecessary to decide the constitutional issue in view of our holding that the statute dispensing with the consent of the legitimate parent does not apply in this case.
The dispositive issue on appeal is whether plaintiff established that appellant is a nonresident of this state. The burden of proof is on the person applying for the adoption to establish the existence of each *908 of the conditions of the statute under which consent of the legitimate father is rendered unnecessary. If appellant is a resident of this state, his consent to the adoption is required because there was no court order of support in effect during the period for which nonsupport is alleged.
The evidence establishes that appellant was born and grew up in Grayson, Caldwell Parish, Louisiana, where his parents continue to reside at Route 1, Box 120. At the time appellant and his wife were divorced by an Arkansas decree, which granted her custody of the child but did not award child support, they were living in Monroe, Louisiana. Appellant was apparently living in Grayson in February of 1973 when his work as a self-employed contract welder began taking him out of state. He lived in Mesa, Texas about two months and then returned to Grayson for about five months. After that he lived in Mesa about four months, in Chico, Texas about four months, in Gladewater, Texas about six months, in Chico about two months, in Gladewater about eight or nine months, continued to live in Gladewater about a year and three or four months, then in Corsicana, Texas ten months, then back to Gladewater for several months, then in Fairfield, Texas for two months, back to Gladewater for a month, and then to Chaney, Kansas where he had been living about six weeks at the time of trial.
Appellant owns a house trailer and lives in it wherever his work takes him. He returns to Grayson about every two weeks or two or three times a month. He maintains an electrical pole in Grayson, where he hooks his trailer up when it is there, and on which he pays the utility bill. He maintains a telephone at Grayson in his name and maintains a bank account in the Citizens Progressive Bank in Caldwell Parish, Louisiana. The business address shown on his checks is "N. E. Hogg Welding Service, Route 1, Box 120, Grayson, Louisiana 71435." At the time of trial appellant had a Texas drivers license but had a Louisiana drivers license until December 1976. Appellant's mother verified that appellant comes to Grayson after completing a job and stays until he is called to another job. She testified he had not had his trailer at Grayson since 1975, or about two years before trial.
Prior to 1962 the requirement of the statute was that the legitimate parent refuse or fail to comply with a court order of support for a period of one year. Act 106 of 1962 amended LSA-R.S. 9:422.1 so as to add the third condition with respect to nonresidents. The amendment was intended to eliminate the need for a parent's consent where he failed to support a child and it had been impossible to obtain jurisdiction over him to order him to support the child. In Re Stanford, 313 So.2d 849 (La. App. 2d Cir. 1975). See also "Louisiana Legislation of 1962: A Symposium," 23 La. L.Rev. 41, 46. The term "nonresident" as used in the statute refers to a person over whom a Louisiana court would not have personal jurisdiction. Since "domicile" is determinative of personal jurisdiction under LSA-C.C.P. Art. 6, the term "nonresident" as used in the statute means a person who does not have a domicile in this state.
Domicile is defined in LSA-C.C. Art. 38 as follows:
"The domicile of each citizen is in the parish wherein he has his principal establishment.
"The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
LSA-C.C. Art. 41 provides:
"A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."
Unquestionably, plaintiff's domicile was in the state of Louisiana until he *909 started working regularly out of state and living at various places, mostly in Texas, where his work took him. A person maintains his domicile of origin until he acquires another domicile. Succession of Simmons, 109 La. 1095, 34 So. 101 (1903); Baham v. Sutherland, 197 So.2d 345 (La.App. 4th Cir. 1967); Dealers Building Material Supply Co. v. Campbell, 89 So.2d 419 (La.App. 1st Cir. 1956). To effect a change in domicile requires actual residence in a place, together with the intention of remaining there permanently or indefinitely and of abandoning the former domicile. First Nat. Bank of Shreveport v. Pierson, 176 La. 792, 146 So. 749 (1933); First Nat. Bank of Lumberton, Miss. v. Hinton, 123 La. 1018, 49 So. 692 (1909); Rappeport v. Patten, 3 So.2d 909 (La.App. 2d Cir. 1941); cert. ref. (1941).
The intention to acquire a domicile is most often indicated by the type of relationship a person maintains with a location. The expressed intent of the party may be at variance with the intent as evidenced by conduct. Each case is unique and the courts attempt to arrive at the true intent whether express or implied. The court disregarded express intent in Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955); Texana Oil & Refining Co. v. Belchic, 150 La. 88, 90 So. 522 (1922); Cox v. Foos, 233 So.2d 712 (La.App. 4th Cir. 1970); Lambert v. Greene, 32 So.2d 400 (La.App. 2d Cir. 1947); Rappeport v. Patten, supra. The court, however, accepted express intent when coupled with sufficient conduct to corroborate the intent in Walcup v. Honish, 210 La. 843, 28 So.2d 452 (1946); Gates v. Otis, 129 La. 1063, 57 So. 371 (1912); Caldas v. Caldas, 224 So.2d 831 (La.App. 4th Cir. 1969); Baham v. Sutherland, supra.
There are two presumptions applied in connection with change of domicile which seem to conflict. As long as there is any doubt concerning whether a change of domicile has occurred "the presumption is that it has not been changed." Succession of Simmons, supra. The other presumption is that "whenever a person has acquired a residence elsewhere and actually resides there it is presumed to be his domicile." Successions of Rhea, supra. This second presumption is applicable where there is only one obvious place of residence and the person, while maintaining some ties with his former domicile, does not actually have a place to reside there. See Gelpi v. Ben Development Company, Inc., 327 So.2d 485 (La.App. 4th Cir. 1976).
There are a number of cases involving itinerant workers which have held that the domicile of origin was not changed even though the parties were no longer residing in their original domiciles. Texana Oil & Refining Co. v. Belchic supra; Hartley v. Hartley, 336 So.2d 291 (La.App. 1st Cir. 1976), writ refused 339 So.2d 21 (1976); Puissegur v. Puissegur, 220 So.2d 547 (La. App. 4th Cir. 1969), writ refused 254 La. 285, 223 So.2d 409 (1969); Lambert v. Greene, supra; Clarke v. Patton, 16 So.2d 585 (La.App. 1st Cir. 1944); Rappeport v. Patten, supra.
In the case before this court appellant has lived outside of Louisiana most of the time since 1973, yet he maintains "such a relation with the place or premises so selected as will entitle him at his will, and without making new arrangements therefor upon each return, to occupy such place whenever his necessities or pleasure require, and this without having to ask the permission of someone else." Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921); Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3d Cir. 1976), writ refused 334 So.2d 217 (1976). He has no clear-cut or obvious place of residence elsewhere.
Our conclusion is that appellant is a Louisiana domiciliary because Louisiana is his domicile of origin and he has not been shown to have changed his domicile. The law is well settled that the party who seeks to establish a change of domicile bears the burden of proving it. Baham v. Sutherland, supra. Plaintiff in this case has not borne that burden.
Since appellant's nonresidence has not been established and he was under no court order to support his child, the requirements of LSA-R.S. 9:422.1 have not been established *910 and his consent to the adoption is required. In the face of his opposition to the adoption, it must be denied.
The result we reach in this case is consistent with the intent of subparagraph (3) of LSA-R.S. 9:422.1, which was to eliminate the requirement of noncompliance with a court order of support when the parent is a nonresident and not subject to the jurisdiction of Louisiana courts. The parent in this case was clearly domiciled in Louisiana at the time of the divorce and award of custody to the mother and for several years thereafter, during which time he was subject to the personal jurisdiction of Louisiana courts. Even after he began living most of the time out of state, he was in Louisiana frequently and subject to service of process which would have given a Louisiana court jurisdiction over his person. The reason for the distinction made in the statute between residents and nonresidents does not exist in this case, regardless of technical definitions of residence or domicile.
It may be that the reason for the distinction no longer exists in most cases, in view of the 1977 amendment to the Long Arm Statute, LSA-R.S. 13:3201, providing that a court may exercise personal jurisdiction over a nonresident arising from the nonresident's "non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state."
The judgment of the district court is reversed and judgment is rendered in favor of the legitimate father and against the plaintiff applying for adoption and the petition for adoption is dismissed at plaintiff's costs.
Reversed and rendered.
NOTES
[1] LSA-R.S. 9:422.1 Adoptions by step-parent, grandparent; consent

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
"(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
"(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
"(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents."