I «THOMAS F. DALEY, Judge.
This appeal arises from the denial of an Exception of Improper Venue. Defendants, Mr. and Mrs. Hemmans, filed an Exception of Improper Venue contending that Jefferson Parish was not a proper venue for this action under LSA-C.C.P. art. 42 because their place of domicile is Orleans Parish and not Jefferson Parish.
The trial judge denied the Exception of Improper Venue. Defendants applied for Supervisory Writs to the Louisiana 5th Circuit Court of Appeal. The Writ Application was denied. Mr. and Mrs. Hem-mans then filed an Application for Supervi *809 sory Writs with the Louisiana Supreme Court. The Supreme Court granted defendants writ and remanded the case to the 5th Circuit Court of Appeal for briefing, argument, and full opinion. McCreary Enterprises, L.L.C., d/b/a New Home Construction Management v. Charles and Leonor Hemmans, 2001-1919 (La. 7/03/01), 794 So.2d 830. This Court after considering the matter on remand, Affirms the trial court’s denial of the Exception of Improper Venue.
The facts as presented are undisputed. Mr. and Mrs. Hemmans resided in Orleans Parish from 1972 until 1999. In 1999 they sold their home and thereafter moved to Jefferson Parish where they were residing while a new home was being constructed for them in Orleans Parish. Both Mr. and Mrs. Hemmans assert, in affidavits attached to their Memorandum in Support of Exception of Improper Venue, that they did not intend to permanently reside in Jefferson Parish.
On June 19, 2000, Mr. and Mrs. Hem-mans entered into a contract with plaintiff, McCreary Enterprises, L.L.C. (McCreary), to engage McCreary as the general contractor to oversee the construction of their new home to be constructed on their lot located at 6730 Canal Boulevard, in the City of New Orleans. Thereafter on February 2, 2001, the Hemmanses terminated McCreary’s services as general contractor. On March 23, 2001, plaintiff, McCreary, filed suit in First Parish Court in Jefferson Parish for breach of contract. Defendants were served at their residence in Jefferson Parish with the petition. Defendants filed a Declinatory Exception of Improper Venue. A hearing on the exception was held on May 15, 2001 at which time defendants were still residing in Jefferson Parish.
At the hearing on the exception the trial judge denied the Exception of Improper Venue. The trial judge did not issue written reasons, but the following exchange between the trial court and the counsel for the defendants immediately precedes his ruling:
THE COURT:
What happened to their property in New Orleans:
LMS. HEMMANS:
They sold their property in New Orleans, Your Honor, However, there [sic] are currently—
THE COURT:
Well, what is their domicile in New Orleans if they sold their property? MS. HEMMANS:
Well, their domicile in New Orleans is their domiciled origin.
THE COURT:
What is their domicile address?
MS. HEMMANS:
Well, Your Honor, presently they don’t have one per se.
THE COURT:
Then they don’t have a domicile. You have to have a place to go.
ISSUE ON APPEAL
Whether the trial court erred in denying the Exception of Improper Venue?
The general rules of venue contained in LSA-C.C.P. art. 42 state that, “an action against an individual who is domiciled in the State shall be brought in the Parish of his domicile.”
Article 38 of the Civil Code defines domicile as:
The domicile of each citizen is the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence;
*810 Civil Code Article 41 instructs that, “a change of domicile from one parish to another is produced by the active residing in another parish, combined with the intent of making one’s principal establishment there.” Civil Code art. 43 states in cases 1 Bwhere there is no written declaration of intent the proof of this intention shall depend on circumstances.
Defendants argue that since they never intended to make Jefferson Parish their principal residence that their domicile remained in Orleans Parish where they previously resided and intended to return to reside. By contrast, plaintiff asserts that while the Hemmanses may return to Orleans Parish at some point in the future, that at the time the suit was filed they actually resided in Jefferson Parish and had no other residence. Plaintiffs argue that since defendants had no domiciliary address in Orleans Parish their domicile had to be Jefferson Parish, the only place where they had a residence.
There are two legal presumptions applicable in determining domicile. The 2nd Circuit Court of Appeal accurately contrasted these two conflicting presumptions in, In re Kennedy, 357 So.2d 905 at p. 909 (La.App. 2 Cir.1978)
As long as there is any doubt concerning whether a change of domicile has occurred “the presumption is that it has not been changed.” Succession of Simmons [109 La. 1095, 34 So. 101], supra. The other presumption is that “whenever a person has acquired a residence elsewhere and actually resides there it is presumed to be his domicile.” Successions of Rhea [227 La. 214, 78 So.2d 838], supra. This second presumption is applicable where there is only one obvious place of residence and the person, while maintaining some ties with his former domicile, does not actually have a place to reside there. See Gelpi v. Ben Development Company, Inc., 327 So.2d 485 (La.App. 4th Cir.1976).
Defendants argue that the presumption that the domicile of origin continues until another is acquired controls in this case especially in light of the fact that Mr. and Mrs. Hemmans did not intend to abandon their Orleans domicile. Defendants rely on Succession of Lauricella, 90-526 (La.App. 5th Cir.1990), 571 So.2d 885. The facts in Lauricella, however, are different from those presented in this case. Mr. Lauricella prior to his death sold his family home in Jefferson Parish to his son. At |fithe time of his death he was residing in St. Tammany Parish at another home owned by one of his sons. This Court found Jefferson Parish to be his domicile. A controlling factor in the court’s determination of Mr. Lauricella’s domicile was the fact that he “maintained his telephone and mailing address at the house (Jefferson residence) and had use of the house as he pleased”. Supra, at p. 887.
The intention to acquire a domicile is most often indicated by the type of relationship a person maintains with a location. Each case is unique and the court must attempt to arrive at the true intent of the parties, whether expressed or implied. Whenever a person has acquired a residence and it is his or her only obvious place of residence, it is presumed to be his or her domicile. Maintaining some ties with one’s former domicile when not actually having a place to reside will not overcome that presumption. In re Kennedy, 357 So.2d 905, (La.App. 2nd Cir.1978). See also In re Orso, (Bkrtcy.M.D.La.1998), 219 B.R. 402.
“Domicile” is technically defined as the relation which the law creates between an individual and a particular locality or country, and is the legal conception of home, being derived from the Latin “do-mus”, meaning a home or dwelling, and is *811 synonymous with “home”; in a strict legal sense, the domicile of a person is the place where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Shreveport Long Leaf Lumber Co. v. Wilson, 38 F.Supp. 629 (W.D.La.1941).
The Supreme Court recently addressed the issue of domicile in Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048. In that case domicile was raised in the content of an election dispute and the courts had to determine which of the two residences was the primary residence. In that case Dr. Goldsby, a candidate for elected office, had two residences, one inside the electoral district and one outside of |7the electoral district. The Supreme Court reaffirmed prior jurisprudence and held absent a written declaration to change domicile, proof of intention depends on circumstances, and there is a presumption against change of domicile.
In the case at bar Mr. and Mrs. Hemmans sold their house in Orleans Parish and had no residence in Orleans Parish while they were living in Jefferson Parish. Because there is only one residence, this is not a case where the Court must choose which of two residences is the principal residence. The trial court in this case got directly to the point when questioning counsel for the Hemmans: “If the parties are domiciled in Orleans Parish what is the domiciliary address?” Counsel for Mr. and Mrs. Hemmans responded: “They don’t have one per se.” The record does not establish that there existed a residence in Orleans Parish where Mr. and Mrs. Hemmans could at their will, whenever necessity or pleasure required, without having to ask permission of someone else, reside. Hall v. Godchaux, 149 La. 733, 90 So. 145 (1921). Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3d Cir.1976), writ refused 334 So.2d 217 (1976). Without some place of residence the presumption that defendants never intended to change domicile from Orleans Parish to Jefferson Parish is rebutted. We find that the defendants’ admission that they have no domiciliary address in Orleans Parish while admitting that they reside in Jefferson Parish was a sufficient basis to allow the trial court to deny the Exception of Improper Venue. As declared in Lacroix v. Lacroix, (La.App. 2nd Cir.1999), 742 So.2d 1036, the
Determination of a party’s intent to establish domicile is a question of fact ... and reversal of the “trial” court’s factual findings is warranted only if the appellate court finds that reasonable factual basis for the district court’s finding does not exist in the record, and that finding is clearly wrong on record.
I ¡¡Based on Mr. and Mrs. Hemmans’ lack of an actual physical residence in Orleans Parish at the time the law suit was filed, we affirm the trial court’s denial of the Exception of Venue. Residence is a necessary component of domicile. We, therefore, affirm the trial court’s denial of the Exception of Venue and remand to the trial court for further proceedings.
AFFIRMED AND REMANDED.