154 So. 17

## CONVERSE v. DICKS.

### No. 32361.

March 26, 1934.

See, also, 176 La. 805, 146 So. 891; 178 La. 193, 151 So. 75.

Louis R. Hoover, of New Orleans, for appellant.

William C. McLeod, of New Orleans, for appellee.

OVERTON, Justice.

Plaintiff obtained a moneyed judgment in the civil district court for the parish of Orleans against defendant, who at the time was, and is still, an interdict. Plaintiff caused a writ of fieri facias to issue from the judgment and under it undertook to garnishee the curator to collect the judgment. To the garnishment proceeding, the curator excepted on the ground that he was not a third person, as to the interdict, within the Code of Practice, providing for garnishment proceedings under writs of fieri facias to enable a judgment creditor to seize money and property of his judgment debtor in the hands of a third person, and therefore that, the curator not being a third person, as to the interdict, he, as to her, is not subject to garnishment. The trial court overruled the exception, and the curator has appealed.

The trial court erred in overruling the exception. An interdict, in law, is incapable of acting and of administering his estate. There is nothing which he is capable of doing legally. His curator acts and administers for him. In all matters pertaining to the possession, keeping, care, administration, and preservation of the interdict's estate, the curator stands in his place and stead. In such matters, the interdict has no legal existence, except through his curator, in whom "he lives, moves and has his being." His curator is substituted for him, is the human agency through whom the interdict acts, and the two are legally inseparable. Therefore the curator of the interdict is not a third person, as to the interdict, and hence the exception must be sustained, for it is only third persons to the suit in which the moneyed judgment is rendered who may be garnisheed, and not parties to the suit. Civ. Code, arts. 32, 389, 1788; Code Prac., arts. 108, 109, 115, 246.

An exception of no cause of action was filed by the curator to another proceeding—a rule —in the case. This exception was sustained. No complaint is here made to the ruling there. The ruling is not included in the appeal.

For the reasons assigned, the judgment, appealed from, overruling the exception to the right of plaintiff to garnishee the curator is set aside, and the exception is now sustained, and the garnishment proceeding is dismissed.

ST. PAUL, J., absent.