935 So.2d 740 (2006)
Robert TREADWELL, Plaintiff-Appellant
v.
Olga Elizalde TREADWELL, Defendant-Appellee.
No. 41,130-CA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
Kenneth P. Haines, Shreveport, for Appellant.
James H. Askew, Shreveport, for Appellee.
Before WILLIAMS, DREW and MOORE, JJ.
*741 WILLIAMS, J.
Plaintiff, Robert Treadwell, appeals the judgment of the district court sustaining exceptions of no right of action, lack of procedural capacity and lack of subject matter jurisdiction and dismissing his suit for divorce. For the reasons assigned below, the judgment of the district court is hereby reversed.

FACTS
On December 17, 2004, Mr. Treadwell filed a petition seeking a divorce under LSA-C.C. art. 102 from his wife of three years, Olga Elizalde Treadwell. According to the petition, the parties were married in October of 2001 in Las Vegas, Nevada, and *742 thereafter established their matrimonial domicile in Arkansas. In 2003, the parties moved to Texas, where they remained until their separation in October of 2004. The petition alleges that Mr. Treadwell then moved to Louisiana where he established his permanent domicile in Caddo Parish.
On July 18, 2005, Mr. Treadwell's daughter, Grace Anne Treadwell Vickers, filed a motion seeking to be substituted as the party plaintiff in the suit in her representative capacity as her father's guardian. The motion alleged that Mr. Treadwell had been declared "incompetent" on July 18, 2002, by a circuit court in Lonoke County, Arkansas. The motion further declared that the initial guardian, Janet Turpin, ceased serving in that capacity about six weeks after her appointment and that Ms. Vickers was substituted as her father's guardian by order of the same Arkansas court on July 13, 2005. Attached to the motion was a copy of the order issued by the Arkansas state court on July 18, 2002, in which Mr. Treadwell was declared an "incapacitated person, substantially without capacity to care for himself, or to meet the essential requirements for his health and safety" and Janet Turpin was appointed as the "Guardian of the Person." Also attached was the order substituting Ms. Vickers for Ms. Turpin as the "Guardian of the Person."
On August 30, 2005, Mrs. Treadwell filed a declinatory exception of lack of subject matter jurisdiction and, in a separate pleading, a dilatory exception of lack of procedural capacity and a peremptory exception of no right of action. Mrs. Treadwell argued in her declinatory exception that the Louisiana court did not have subject matter jurisdiction over the divorce proceedings because Mr. Treadwell's domicile was with his curator, who at the time of filing was Janet Turpin, a resident of Arkansas. In her dilatory and peremptory exceptions, Mrs. Treadwell argued that the Arkansas court's declaration of Mr. Treadwell as an incapacitated person prior to his filing of the divorce proceedings precluded him from having both the capacity and a right to bring an action for divorce.
The exceptions came for hearing on October 4, 2005, and after affording the parties very limited argument thereon, the trial court sustained all three exceptions.[1] A final judgment to this effect dismissing Mr. Treadwell's action was signed on November 3, 2005. Mr. Treadwell appealed.

APPLICABLE LOUISIANA LAW
The Louisiana Code of Civil Procedure specially provides the proper venue for divorce actions. LSA-C.C.P. art. 3741(A) requires that an action for divorce "shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile." The venue of a divorce action is jurisdictional and cannot be waived. LSA-C.C.P. art. 3941(B); Lacroix v. Lacroix, 32,293 (La.App. 2d Cir.9/22/99), 742 So.2d 1036, writ denied, 99-3036 (La.12/17/99), 752 So.2d 167; Wallace v. Wallace, 25,366 (La.App. 2d Cir.1/19/94), 631 So.2d 40, writ denied 94-0627 (La.5/13/94), 637 So.2d 1066. A divorce judgment rendered in a court of improper venue is an absolute nullity. LSA-C.C.P. art. 3941(B).
The following are the pertinent Louisiana codal articles with regard to interdiction:
LSA-C.C. art. 39

*743 The domicile of a minor not emancipated is that of his father, mother, or tutor; a person of full age, under interdiction, has his domicile with his curator.
LSA-C.C. art. 389
A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.
LSA-C.C. art. 390
A court may order the limited interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity is unable consistently to make reasoned decisions regarding the care of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.
LSA-C.C. art. 395
A full interdict lacks capacity to make a juridical act. A limited interdict lacks capacity to make a juridical act pertaining to the property or aspects of personal care that the judgment of limited interdiction places under the authority of his curator, except as provided in Article 1482 or in the judgment of limited interdiction.
LSA-C.C.P. art. 682
A competent major and a competent emancipated minor have the procedural capacity to sue.
LSA-C.C.P. art. 684
A. A mental incompetent does not have the procedural capacity to sue.
B. Except as otherwise provided in Articles 4431, 4554, and 4566, the curator is the proper plaintiff to sue to enforce a right of an interdict.

APPLICABLE ARKANSAS LAW
Arkansas law, A.C.A. § 28-65-101, defines an incapacitated person as follows:
... a person who is impaired by reason of a disability such as mental illness, mental deficiency, physical illness, chronic use of drugs, or chronic intoxication, to the extent of lacking sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for his or her health or safety or to manage his or her estate.
Guardianship is to be used only as is necessary to promote and protect the well-being of the person and his or her property; is designed to encourage the development of maximum self-reliance and independence of the person; and should be ordered only to the extent necessitated by the person's actual mental, physical and adoptive limitations. A.C.A. § 28-65-105. Furthermore, an incapacitated person for whom a guardian has been appointed is not presumed to be incompetent, and that person retains all legal and civil rights except those which have been expressly limited by court order or have been specifically granted by order to the guardian by the court. A.C.A. § 28-65-106.
A guardianship proceeding in Arkansas is governed by Arkansas Code Sections 28-65-201, et seq., which allow for the appointment of a guardian of the estate for any incapacitated person and a guardian of the person for any incapacitated person except a married minor who is incapacitated solely by reason of his or her minority. Accordingly, if a person is found to be substantially without capacity to make or communicate decisions to meet the essential requirements for his or her health or safety or to manage his or her estate, a *744 guardian for the person, estate, or both shall be appointed. A.C.A. §§ 28-65-101(7) and 28-65-213(c)(3).

DISCUSSION
The issue raised by this appeal is whether the effect of a declaration of incapacity under the statutory laws of Arkansas is to be given the same effect as that of an interdiction under Louisiana law. The trial court's ruling on the various exceptions filed by the defendant depends upon the legal conclusion that a declaration of incapacity under Arkansas law and a judgment of interdiction under Louisiana law are one and the same. Because we find that the trial court erred as a matter of law in this regard, we need not address the question of whether Louisiana law permits a curator to bring an action for divorce on behalf of an interdict.
The Full Faith and Credit Clause, Article IV, Section 1, of the Constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. It mandates that a judgment of a state court should have the same credit, validity, and effect in every other court of the United States that it has in the state where it is pronounced. Schultz v. Doyle, XXXX-XXXX (La.1/17/01), 776 So.2d 1158.
It is undisputed that on July 18, 2002, Mr. Treadwell was declared an incapacitated person, and a guardian over the person was appointed on his behalf by an Arkansas state court under Arkansas state law.[2] The record gives no indication of the grounds for his incapacity.
Nevertheless, the trial court sustained the defendant's exceptions by equating the judgment of the Arkansas court with a judgment of interdiction under Louisiana law, reasoning that as an incapacitated person, Mr. Treadwell's domicile was that of his guardian, who until the appointment of his daughter in July of 2005, was Janet Turpin, an Arkansas resident. Thus, when Mr. Treadwell filed his petition for divorce in December 2004, he was domiciled in Arkansas, and per the allegations in his petition, his wife was domiciled in Texas. Accordingly, neither party would have been domiciled in Louisiana at the time of filing of the petition for divorce, and since they had never established a matrimonial domicile in Louisiana, there was no proper Louisiana venue for a divorce action. Because venue is jurisdictional, the trial court concluded that it lacked subject matter jurisdiction over the divorce action.
After determining that it did not have subject matter jurisdiction, the trial court proceeded to exercise jurisdiction in determining that Mr. Treadwell did not have the capacity or right to file a suit for divorce. Again equating the declaration of incapacity under Arkansas law with a judgment of interdiction, the trial court concluded that as an interdict, Mr. Treadwell did not have the capacity to sue under LSA-C.C.P. art. 684 which dictates that an interdicted person's curator is the proper plaintiff in a suit to enforce the interdict's rights.
As noted above, the Full Faith and Credit Clause in the United States Constitution requires that the judgment of a state court be given the same effect in the *745 courts of the other states that it would be given in the state which pronounced it. It is clear from the Arkansas statutes that incapacity in Arkansas does not carry the same consequences as that of an interdiction under Louisiana law.
Because its remedy is so harsh, interdiction has been aptly described as "a pronouncement of civil death." Interdiction of F.T.E., 594 So.2d 480 (La.App. 2d Cir. 1992). In many respects the interdict ceases to exist independently from his curator. He lacks the capacity to contract, LSA-C.C. arts. 395 and 1918; to sue, LSA-C.C.P. art. 684; and he is not allowed to vote, Louisiana Constitution, Article I, § 10. The Louisiana Supreme Court described the status of interdiction as follows:
There is nothing which he is capable of doing legally. His curator acts and administers for him. In all matters pertaining to the possession, keeping, care, administration, and preservation of the interdict's estate, the curator stands in his place and stead. In such matters, the interdict has no legal existence, except through his curator, in whom `he lives, moves and has his being.' His curator is substituted for him, is the human agency through whom the interdict acts, and the two are legally inseparable.
Converse v. Dicks, 179 La. 339, 154 So. 17 (1934).
While a declaration of incapacity under Arkansas law also gives rise to serious consequences, it appears as though the declaration itself is not intended to divest the subject of such a declaration of all his civil identity. Much to the contrary, A.C.A. § 28-65-106 expressly states that such a declaration does not give rise to a presumption that the subject is incompetent and preserves in him all legal and civil rights not expressly limited by the court.
Accordingly, the Arkansas statutory scheme differs in its effect from that of a Louisiana interdiction in that it does not deprive the subject of all autonomy. Absent some statutory or jurisprudential authority to the contrary, of which we have been able to find none, we can only presume this preservation of rights includes the right to change one's domicile as well as the right to make and act on the very intimate decision regarding whether one desires to remain married.
This legal error tainted the trial court's fact-finding process as to Mr. Treadwell's domicile and his capacity to sue for divorce. Accordingly, we must conduct an independent de novo review in rendering our decision. Davies v. Johnson Controls, Inc., 36,498 (La.App. 2d Cir.10/23/02), 830 So.2d 462, writ denied, 2002-2855 (La.1/31/03), 836 So.2d 70.
With regard to the issue of capacity, Louisiana law requires only that a major be competent to have the capacity to sue. LSA-C.C.P. art. 682. The burden of proof is on the party challenging the person's competence. Vance v. Ellerbe, 150 La. 388, 90 So. 735 (1922). As noted earlier, a declaration of incapacity does not give rise to a presumption of incompetence. There being no other evidence of Mr. Treadwell's competence to bring an action on his own behalf, we conclude that the exceptions of lack of procedural capacity and no right of action were sustained in error.
The trial court also concluded that Mr. Treadwell's domicile is in Arkansas, a state which his petition indicates he has not lived in since 2003. With regard to Mr. Treadwell's domicile, we find, at least on the face of the petition, that he is entitled to the presumption that whenever a person has acquired a residence and actually resides there, it is presumed to be *746 his domicile. In re Kennedy, 357 So.2d 905 (La.App. 2d Cir.1978). As we stated in Kennedy, this presumption is applicable where there is only one obvious place of residence and the person, while maintaining some ties with his former domicile, does not actually have a place to reside there.
While the record may not provide conclusive evidence that Mr. Treadwell had established his domicile in Louisiana, his assertion of domicile in Caddo Parish is entitled to some presumptive value in the absence of any evidence of a different domicile. Having found that Arkansas law does not provide that his guardian's domicile must be his domicile, the record in the present case is devoid of any evidence regarding an alternate domicile for Mr. Treadwell. Accordingly, the trial court erred in finding that it lacked subject matter jurisdiction to adjudicate the divorce.[3]

CONCLUSION
For the foregoing reasons, the trial court judgment sustaining the declinatory exception of lack of subject matter jurisdiction, the dilatory exception of lack of procedural capacity and the peremptory exception of no right of action is hereby reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are to be borne by appellee.
REVERSED.
NOTES
[1] While the judgment purports to sustain a peremptory exception of no cause of action, no such exception was ever filed. We interpret that provision as an expression of the trial court's intent to grant the peremptory exception of no right of action filed by the defendant.
[2] The caption of the Arkansas order reads, "In the matter of Robert C. Treadwell, Incompetent." Nevertheless, the actual body of the order signed by the Arkansas circuit court judge noted that Mr. Treadwell was an "incapacitated person, substantially without the capacity to care for his estate and that there was a danger of loss, damage or waste to the property of the respondent that requires the appointment of a guardian of his estate." (Emphasis added).
[3] The parties' focus on the issue of whether a curator can bring an action for divorce on behalf of an interdict is misplaced. While that is an interesting and, as of yet, unresolved question of law, it is not germane to the exceptions which were sustained by the trial court and from which this appeal has been taken [see Paul M. Adkins, Omnipotent or Impotent? The Curator's Role in Separation and Divorce, 43 La. L.Rev. 1019 (1983) for a detailed discussion of the issue]. The petition was filed by Mr. Treadwell personally and not by his Arkansas guardian. Furthermore, the guardian's motion to be substituted as the party plaintiff was not granted. Therefore, the propriety of a guardian's filing a petition for divorce on behalf of her ward is irrelevant.