| MABELL GALLOWAY ROBERTSON; JOE ROBERTSON; AND LINDSAY WILLIAMS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD K.R. | * | NO. 2024-CA-0364 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| | * * * * * * * | |
| WANDA ANDERSON DAVIS; LEEFE & GIBBS, LLC; ANDERSON DAVIS AND ASSOCIATES, L.L.C.; SULLIVAN, DUPRE & SOLOUKI, LLC; CNA INSURANCE COMPANY, LIMITED; XYZ INSURANCE COMPANY, AND ABC INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-02719, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale N. Atkins)

M. Suzanne Montero
Scott L. Sternberg
Graham H. Williams
Haley A. Jupiter
STERNBERG NACCARI & WHITE, LLC
935 Gravier Street, Suite 2020
New Orleans, LA 70112


COUNSEL FOR PLAINTIFF/APPELLANT

David S. Daly
Elliot M. Lonker
FRILOT, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163


COUNSEL FOR DEFENDANTS/APPELLEES


**REVERSED AND REMANDED**


**DECEMBER 30, 2024**

*DLD*
*RLB*
*DNA*

Appellant, Lindsay Williams ("Ms. Williams"), on behalf of and as tutrix of her minor child, K.R., appeals the trial court's judgment of March 26, 2024, granting the peremptory exception of peremption filed by appellees, Wanda Anderson Davis; Leefe & Gibbs, LLC; Anderson Davis and Associates, L.L.C.; Sullivan, Dupre & Solouki, LLC; CNA Insurance Company, Limited; XYZ Insurance Company, and ABC Insurance Company, and dismissing Ms. Williams' claims against those defendants with prejudice.

This case involves a legal malpractice claim filed against an attorney retained by the family of Justin Robertson ("Mr. Robertson" or "Justin") following his tragic death. On July 1, 2021, Mr. Robertson, a licensed electrician, was killed while performing electrical work at the Greater St. Stephen Church in New Orleans. Mr. Robertson was the father of a minor child at the time of his death, and he and the child's mother were not married.[1] Mr. Robertson's parents, Mabell Galloway Robertson and Joe Robertson (collectively "the Robertsons"), and the mother of his minor child, Lindsay Williams, contacted attorney Wanda Anderson Davis to represent them in wrongful death and survival actions stemming from

_____

[1] The minor child's mother, Lindsay Williams, was described in the original petition for damages as Justin Robertson's longtime girlfriend.

Justin's death. On July 5, 2022, more than one year after Justin's death, Ms. Davis emailed the Robertsons and Ms. Williams, advising them for the first time that she failed to file suit within the applicable one-year prescriptive period, and that she did not believe that they would have prevailed in a tort action related to Justin's death. In the same email, Ms. Davis advised the Robertsons and Ms. Williams that they could pursue a claim for legal malpractice against her.

On March 29, 2023, a petition for damages was filed by plaintiffs, Mabell Galloway Robertson, Joe Robertson and Lindsay Williams, individually and on behalf of her minor child, K.R. The petition stated that Justin was survived "by his parents, Mabell Galloway Robertson and Joe Robertson, by his then-four-month-old daughter, K.R., and by [K.R.]'s mother and Justin's longtime girlfriend, Lindsay Williams." Importantly, the petition also stated that Ms. Williams is "the natural mother of the minor child, K.R." Named as defendants were Wanda Anderson Davis and her employers and their insurers during the relevant time periods related to the legal malpractice claim.[2]

In the petition for damages, plaintiffs alleged that Ms. Davis committed malpractice by failing to file suit before the prescriptive deadline, and her malpractice was further exacerbated by her failure to disclose that she was an active member of Greater St. Stephen Church. The petition also alleged that Ms.

---

[2] Those employers and their insurers included Sullivan, Dupre & Solouki, LLC, CNA Insurance Co. Ltd., Leefe & Gibbs, LLC, XYZ Insurance Co., Anderson Davis & Associates, L.L.C. and ABC Insurance Co. The petition alleged that at the time the Robertson family first contacted Ms. Davis, she was employed by the law firm of Leefe, Gibbs, Sullivan & Dupre, LLC. Later, that firm split into two groups, and Ms. Davis left Leefe & Gibbs to join the newly created firm of Sullivan, Dupre & Solouki, LLC, At all relevant times surrounding the running of the prescriptive period, Ms. Davis was employed by Sullivan, Dupre & Solouki. The petition also alleges that at all relevant times, Ms. Davis maintained Anderson Davis & Associates, LLC as a single member LLC.

Davis' employers and their insurers are liable to plaintiffs under the doctrine of respondeat superior for the acts and omissions of their employee.

In response to plaintiffs' petition, defendants filed the peremptory exception of no right of action and the dilatory exception of lack of procedural capacity. In their memorandum in support of the exceptions, defendants argued that the only party that possibly has the right to sue defendants is the decedent's minor child through an authorized appointed tutrix. They further argued that because Justin Robertson is survived by a minor child, any wrongful death and/or survival claims related to his death belong only to the minor child to the exclusion of other potential plaintiffs. Defendants argued that Ms. Williams has the burden of proof to establish sole parental authority on her part to maintain the lawsuit or to establish that permission of any court has been obtained pursuant to La. C.C.P. art. 693(B). According to defendants, Justin's parents and girlfriend have no right to sue defendants for damages, and plaintiffs had not at that point demonstrated that Ms. Williams was the appointed tutrix for the minor child. Therefore, defendants argued that the claims by Mabell Robertson, Joe Robertson and Lindsay Williams, individually, should be dismissed with prejudice because those plaintiffs have no right to sue and/or lack the procedural capacity to sue defendants for damages.

In response to defendants' exceptions, plaintiffs conceded that the exception of no right of action should be maintained as to Mabell Robertson, Joe Robertson, and Lindsay Williams, in her individual capacity. Plaintiffs argued that the only appropriate party who holds a right of action to sue in this matter is the minor child, K.R., through her natural mother, Ms. Williams. The response revealed that on July 13, 2023, in a related matter in another section of Civil District Court in New Orleans, Ms. Williams filed a "Petition to Establish Paternity Pursuant to La.

3

Civ. Code art. 197, and to Qualify as Tutrix of the Minor Child, K.R. and Appointment of Under-Tutor" to address the procedural capacity issue raised by defendants. Ms. Williams asked for adequate time to conclude the tutorship process if the trial court were inclined to grant the exception of lack of procedural capacity.

In their reply to plaintiffs' response, defendants argued that the trial court should grant the exception of no right of action and dismiss with prejudice all claims by Mabell Robertson, Joe Robertson and Ms. Williams, individually, and also either dismiss all claims filed by Ms. Williams on behalf of her minor child without prejudice, or alternatively, order her to supplement and amend her petition to institute the suit in her correct capacity if and when she is appointed tutrix of the minor child.

At the hearing on the exceptions, counsel for defendants argued that in addition to plaintiffs' conceding on the exception of no right of action, they also essentially conceded on the exception of lack of procedural capacity by acknowledging that they filed tutorship proceedings so that Ms. Williams could be in the proper capacity to bring the suit. Although counsel for plaintiffs agreed at the hearing that they conceded on the no right of action exception, counsel argued as follows regarding the exception of lack of procedural capacity:

> With respect to the second exception, Louisiana Code of Civil Procedure Article 933B requires that if we remedy the procedural capacity issue, that we be given a number of days. We have filed a proceeding.
>
> We'd ask the Court to, if it's the Court's pleasure, to sustain the exception, to grant us a few months to get this done…..

4

At this hearing, counsel for defendants acknowledged that there was "no agreement" between the parties.

The trial court then granted the exception of lack of procedural capacity and allowed Ms. Williams forty-five days to amend her petition. The judgment ordered Ms. Williams "to remove the grounds of the objection in her Petition for Damages to reflect the proper capacity of plaintiff Lindsay Williams to sue as Tutrix on behalf of the minor child, K.R."

On October 12, 2023, Ms. Williams filed her First Amended and Supplemental Petition for Damages. In that petition, she asserted that she "brings this suit in her capacity as the natural and legal tutrix of her minor child, K.R." She also stated that, in a judgment dated October 11, 2023, in a related proceeding, Justin Robertson was deemed the natural and legal father of K.R., and Ms. Williams was confirmed as the natural and legal tutor of K.R. The petition further stated that the only plaintiff in this matter is Ms. Williams "who brings this suit in her capacity as the natural and legal tutrix of her minor child, K.R."

In response to this petition, defendants filed a peremptory exception of peremption, alleging that the Ms. Williams' claim was perempted pursuant to La. R.S. 9:5605, which provides a peremptive period to file suit against an attorney for legal malpractice of one year from the attorney's negligent act or omission, or one year from the date that the malpractice was discovered.[3] Defendants alleged that

---

[3] In *Vagelos v. Abramson*, 12-1235, p. 11 (La. App. 4 Cir. 10/2/13), 126 So.3d 639, 646, this Court stated:

> Pursuant to Louisiana Revised Statute 9:5605, plaintiffs must file their legal malpractice claims within one year from their attorney's negligent act or omission, or one year from the date that the malpractice was discovered. Moreover, regardless of the date of discovery, the claim must be filed within three years of the alleged acts of malpractice. Both the one-year and three-year periods of limitations are, by statute, characterized as peremptive in nature "within the

5

the peremptive period for filing suit expired on July 5, 2023, one year after Ms. Williams obtained actual knowledge of the alleged malpractice of her former attorney. Therefore, they argued that Ms. Williams' First Amended and Supplemental Petition for Damages, which defendants alleged was filed by her for the first time in her correct capacity more than one year after actual notice of the alleged malpractice, could not "relate back" to the original petition because the time period for filing this legal malpractice claim was peremptive.

At the hearing on the defendants' peremptory exception of peremption, counsel for Ms. Williams argued that the original petition for damages was not defective because it was specifically pled in that petition that Ms. Williams is the natural mother of the minor child and the surviving parent of the child. As such, Ms. Williams argued that she had the capacity to sue on behalf of the minor child without first being qualified as tutrix. In support of that argument, counsel cited Louisiana Code of Civil Procedure article 4061.1, which states, in pertinent part:

> A. Notwithstanding Article 4061, the natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061[4] and without the necessity of filing a petition pursuant to Article 4031[5], if the natural tutor is any of the following:

---

meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." La. R.S. 9:5605(B). As stated in Article 3458, "[p]eremption is a period of time fixed by law for the existence of a right." La. C.C. art. 3458. Therefore, unless timely exercised, the right is extinguished upon the expiration of the peremptive period. *Id.*

[4] La. C.C.P. art. 4061 states:

Before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office, cause an inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law.

[5] La. C.C.P. art. 4031 states, in pertinent part:

6

(1) The surviving parent of the minor child.

\* \* \*

(3) The mother of her child born outside of marriage not acknowledged by the father, or acknowledged by him alone without her concurrence.

B. The petitioner in an action for damages based on a delictual obligation shall allege in the petition that he qualifies under Paragraph A of this Article to act of right as tutor, and the petitioner shall set forth the facts, including the relationship to the minor child, entitling the petitioner to act as tutor.

Counsel for defendants argued that by asking for the opportunity to correct the procedural capacity issue at the hearing on that exception, counsel for Ms. Williams essentially conceded that the original petition did not properly plead that she had the correct capacity to sue on behalf of her minor child. The trial court apparently agreed with defendants' argument, and rendered judgment on March 26, 2024, granting the exception and dismissing, with prejudice, all claims filed against defendants by Ms. Williams on behalf of her minor child.

Ms. Williams filed a motion for new trial, asserting that she had the proper legal capacity to file suit when the original petition was filed on March 29, 2023. The motion for new trial was denied. Ms. Williams devolutively appealed the judgment of March 26, 2024.

---

A. Except as provided in Paragraph B, a petition for the appointment of a tutor of a minor domiciled in the state shall be filed in the district court of the parish where:

(1) The surviving parent is domiciled, if one parent is dead; or

\* \* \* \* \*

(3) The minor resides.

7

On appeal, Ms. Williams argues that the trial court erred in granting defendants' dilatory exception of lack of procedural capacity, and that this erroneous ruling set into motion a chain of events leading to the erroneous granting of defendants' peremptory exception of peremption and the dismissal of her case with prejudice. We agree.

Citing La. C.C.P. art. 4061.1, Ms. Williams argued that because the original petition pled facts sufficiently reflecting her status as the minor child's natural tutrix, she had the legal capacity to bring this delictual action without the necessity of first qualifying as tutor pursuant to La. C.C.P. art. 4061. She further argued that it was defendants' burden to prove that Ms. Williams lacked procedural capacity and they did not do so. Ms. Williams disputed that her counsel's remarks at the hearing on the exception of lack of procedural capacity constituted a judicial admission or confession that she had failed to plead her procedural capacity.

"An appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 11-1720 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729 (citing *Alexander v. Palazzo*, 08-1541, p. 6 (La. App. 1 Cir. 2/13/09), 5 So.3d 950, 953). The *de novo* standard of review applies to our review of the trial court's ruling on a dilatory exception of lack of procedural capacity. *Eng. Turn Prop. Owners Ass'n v. Taranto*, 16-0319, pp. 5-6 (La. App. 4 Cir. 4/19/17), 219 So. 3d 381, 387 (citing *Wells v. Fandal*, 13-620, p. 7 (La. App. 5 Cir. 2/12/14), 136 So.3d 83, 87). "The burden of proof on an exception of lack of procedural capacity is on the party challenging the person's competence." *Walcott v. Louisiana Dep't of Health & Valley Servs.*, 20-0611, p. 5 (La. App. 1 Cir. 3/31/22), 341 So. 3d 696, 700 (citing *Vance v. Ellerbe*, 150 La.

388, 397, 90 So. 735, 738 (1922); *Treadwell v. Treadwell*, 41,130, p. 9 (La. App. 2 Cir. 6/28/06), 935 So.2d 740, 745).

The standard of review that applies to a peremptory exception of peremption was summarized by this Court as follows:

> A judgment granting a peremptory exception of peremption is generally reviewed *de novo*, because the exception raises a legal question and involves the interpretation of a statute. *See Scott v. Zaheri*, 14-0726, p. 8 (La .App. 4 Cir. 12/3/14), 157 So.3d 779, 785; *Robert v. Robert Mgmt. Co., LLC*, 11-0406, p. 3 (La. App. 4 Cir. 12/7/11), 82 So.3d 396, 398. If evidence was introduced at the trial of the peremptory exception, then the appellate court reviews the entire record "to determine whether the trial court was manifestly erroneous with its factual conclusions." *Metairie III v. Poche Const., Inc.*, 10-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449, citing *Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc.*, 06-0601, p. 3 (La. App. 4 Cir. 12/13/06), 948 So.2d 249, 251. If the trial court's findings are reasonable in light of the entire record, then the appellate court may not reverse even though it would have weighed the evidence differently had it been sitting as the trier of fact. *Rando v. Anco Insulations Inc.*, 08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082, citing *Stobart v. State, through DOTD*, 617 So.2d 880, 882-83 (La.1993).

*Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 15-0607, pp. 6-7 (La. App. 4 Cir. 6/29/16), 197 So. 3d 283, 288-89.

In reviewing the trial court's interlocutory judgment granting defendants' exception of lack of procedural capacity, we conclude that the remarks by counsel for Ms. Williams at the hearing on this exception do not rise to the level of an explicit judicial admission that she lacked the capacity to sue. "A judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission and of withdrawing the subject matter of the confession from issue." *Ray v. Lynx Prod. Servs., Inc.*, 23-0839, p. 9 (La. App. 1 Cir. 2/23/24), 384 So. 3d 1018, 1025, *reh'g denied* (Mar. 13,

9

2024), *writ denied*, 2024-00460 (La. 6/19/24), 386 So. 3d 315 (citing *Cichirillo v. Avondale Indus., Inc.*, 04-2894 (La. 11/29/05), 917 So.2d 424, 429). "A judicial confession must be explicit and not merely implied." *Id.* (citing *Cola v. Cola*, 19-0530 (La. App. 1 Cir. 12/27/19), 294 So.3d 6, 11); *see also* La. C.C. art. 1853.

We find that the filing of a petition to qualify Ms. Williams as tutrix of her minor child was an unnecessary action taken by her attorney. Furthermore, it is undisputed that the provisions of La. C.C.P. art. 4061.1 were not argued by Ms. Williams' attorney at the hearing on the exception of lack of procedural capacity. However, we conclude that the filing of the petition to qualify Ms. Williams as tutrix of her minor child, the failure of her attorney to argue the provisions of La. C.C.P. art. 4061.1 at the hearing on Ms. Williams' capacity to file the suit and the remarks made by Ms. Williams' attorney at the hearing, taken together or separately, did not constitute an explicit judicial admission that Ms. Williams failed to plead her correct procedural capacity in the original petition.

La. C.C. art. 250 states, in pertinent part: "Upon the death of either parent, the tutorship of minor children belongs of right to the other." La. C.C. art. 256(A) states: "The mother is of right the tutrix of her child born outside of marriage not acknowledged by the father, or acknowledged by him without her concurrence." The original petition sufficiently pled that Ms. Williams is the natural mother of the minor child, and that the child was born outside of marriage to Ms. Williams and Justin Robertson. Although Mr. Robertson had not formally acknowledged the minor child prior to his death, a judgment issued after Mr. Robertson's death in a related proceeding decreed that he was the natural and legal father of the minor child.

10

Because Mr. Robertson was survived by a minor child but not a spouse, his minor child had the sole right to survival and wrongful death actions related to his death pursuant to the provisions of La. C.C. arts. 2315.1 and 2315.2. La. C.C.P. art. 683(C) provides: "During tutorship, the tutor is the proper plaintiff to sue to enforce a right of the unemancipated minor." Under the provisions of La. C.C.P. art. 4061.1(A)(1) and (3), as the surviving parent of the minor child, and as the mother of the child born outside of marriage and not formally acknowledged by the father prior to his death, Ms. Williams, as the natural tutrix of her minor child, was not required to first qualify as tutor pursuant to La. C.C.P. art. 4061 or file a petition pursuant to La. C.C.P. art. 4031 in order to file an action for damages on behalf of her minor child.

Citing La. C.C.P. art. 700, defendants argue on appeal that Ms. Williams did not have proper permission from the court to institute suit on behalf of her minor child, and was not the proper party to institute the suit. We find that defendants' reliance on La. C.C.P. art. 700 is misplaced. La. C.C.P. art. 700 states:

> When a plaintiff sues as an agent to enforce a right of his principal, or as a legal representative, his authority or qualification is presumed, unless challenged by the defendant by the timely filing of the dilatory exception. When so challenged, the plaintiff shall prove his authority or qualification on the trial of the exception.

In this case, Ms. Williams is not suing as an agent or as a legal representative. She is suing in her capacity as the natural tutrix of her minor child, and this status was reflected in the allegations of her timely-filed original petition for damages.

Ms. Williams properly pled her capacity to sue on behalf of her minor child in the original petition filed on March 29, 2023. Nothing that occurred in these proceedings subsequent to the filing of the original petition deprived Ms. Williams

11

of the authority granted to her pursuant to La. C.C.P. art. 4061.1.  Defendants presented no evidence to challenge the allegation in the original petition for damages that Ms. Williams is the natural mother of the minor child born to her and Justin Robertson.  Defendants did not carry their burden of proving that Ms. Williams lacked the procedural capacity to sue on behalf of her minor child.

Accordingly, we find the trial court erred in granting the exception of lack of procedural capacity.   As the interlocutory judgment granting the exception of lack of procedural capacity was erroneous, the subsequent granting of the exception of peremption was also in error.  For the reasons stated above, the trial court judgments granting the peremptory exception of peremption and the dilatory exception of lack of procedural capacity are hereby reversed, and this matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**